Welcome to this week of oral arguments in the 11th Circuit. Welcome to you all. Judge Newsom and Judge Legault and I are eager to learn more about your cases and we're glad you're here. Just one point before we start. It's been explained to you that we have a traffic light system for timing arguments. When the light is green, proceed. When the light turns yellow, that means you have two minutes left in your allotted time. And when the light turns red, you stop. Now that's a concept that's lost on a lot of Atlanta drivers, but we do enforce it here. The exception is if you're answering a question from the court, you may finish your answer and continue as long as the court is asking you questions. All right, let's begin. Our first case of the morning is No. 23-10383, Noris Babb v. Secretary, Department of Veterans Affairs. Mr. Magrie? Magrie, I'm sorry. You've reserved five minutes for rebuttal, I see. You may begin, sir. Thank you, Your Honor. I know Judge Newsom and I'm sure all three of you are very familiar with both the Supreme Court's decision in Babb and also the Babb v. Sessions decision in the 11th Circuit. Both discussed the hypothetical where management considered a protected characteristic even if it was proof of the effect of the Altman decision. Nevertheless, both courts recognized that that would be differential treatment, a violation of differential treatment. So let me ask you this. I think that there are actually not two buckets, but three buckets. One is but-for causation with respect to the ultimate decision, right? Then there is but-for causation with respect to differential treatment. And then there is just consideration in the air. I think that you might be conflating consideration in the air with differential treatment. I think something could be considered and yet not be a but-for cause of the differential treatment. And in fact, I think one of the hypotheticals that the Supreme Court puts in its opinion says as much, you know, where the subordinate comes to the superior and says, mentions a protected characteristic. The Supreme Court's hypothetical, the superior rebukes the subordinate, says I'm not considering that. And the Supreme Court says that would not be differential treatment, but-for causation of differential treatment, even though there was consideration of it, right? Well, in that case, there was consideration of it by the subordinate, but not by the decision-making official. And he instructed that that is out of the process. But even in the superior's own mind, I mean, don't we oftentimes consider all sorts of things that then don't affect our decision-making calculus? We put it out of our own mind. Actually, if this appears to be saying that there has to be an effect by differential treatment on the ultimate decision, and that is specifically rejected by the Supreme Court and Babb v. Secchi. But don't the Babb opinions say that at the very least, even for what I'm calling the middle bucket, the but-for causation of differential treatment, that it has to play a role? Yes. Right. So it's not just a mention of it in discussion. It's got to play a role. Yes. That's what footnote three was about. They were talking about that notion. In fact, I view footnote three as setting a culture of free from any within the government. And that's how you accomplish it. But there's no question that the considerations here were statements. They were actually written. In certain instances, there were multiple statements. They were transcribed in statements in front of the AIB with regard to gender plus discrimination, which was based on the notion of an older female. The judge rejected gender plus claims not by applying case law dealing with gender plus. She said that from a comparative standpoint, there was no, she looked only at comparators for age and only at comparators for gender separately, and found that there was no violation of gender or age separately. She never dealt with gender plus. She also, in the process of discussing anti-coagulation, took the basis for the decision, which is specifically prohibited by BAB, and considered that in her decision to grant summary judgment. That had, that violates BAB. That had an effect on the trial as well, because that evidence was important evidence for the motive of management to retaliate. The Federal Circuit recognizes that when you consider management's retaliatory intent, their motive to retaliate matters. So here we had a situation where every single older female over 50, every single one of them, was denied a position that they all were qualified for, where younger men and older men and younger female just got those positions. So, and they were so concerned about that. Isn't the comparator for a gender plus claim, in this case, wouldn't it be older men, not younger men? No. We're talking, the comparator in this case has to be older females. It has to be. And there was none of them that got the, any of these positions. In the anti-coagulation position, the people who got that position were younger females. And the, but given my time limits, I have to also address this issue as to how it affected the trial. And it affected the trial because the motivation for management, and on all of these, including the pay decision, et cetera, was established by the nature of the discrimination against older females. All the evidence that was submitted, the testimony of Trask, the testimony of Babb, and the court expressly, I mean, allowed all that testimony, but then it instructed the jury in jury instructions that it can't consider any of that except for an issue that wasn't even in dispute, whether Babb had a reasonable basis to believe she was being retaliated against. That is really significant in a jury trial because they don't know why that decision is being made. They just know all this evidence was thrown out. They also know that the government had taken the position that Trask and Pruitt lost the case, which in fact was abrogated by the Supreme Court's decision. And we had to have a big discussion about that. So the older female part of it came up in trial, impaired her ability to show retaliatory intent to the jury. There's other aspects of that, and that is the damages which were struck right before closing argument. Retaliation claims elements include damages. Yet that is stricken on the basis that some differential treatment, which occurred back in December, where she lost an advanced scope, was viewed as being the personnel action, when in fact the complaint described it as a loss of pay. That was the personnel action. And you have to look at 5 U.S.C. 2302A to see those things, but we lay them out in the  But the bottom line is that just before we gave closing argument, all the evidence we submitted on damages under retaliation suddenly became meaningless. That's another thing that prejudiced the jury. So, and it's especially troubling when you consider that the federal employees, like the private employees, get the benefit of the Lilly Ledbetter case and statute. In the case of 42 U.S.C. 2000E 16A, that's contained in 42 U.S.C. In fact, I did write this down, I think. It is 42 U.S.C. 2000E-15F and 2000E-5-3. That's a Lilly Ledbetter statute. And that says you go back two years, and any discrimination, and any pay that you lost for two years is still alive. You know what the Lilly, I'm not going to repeat what Lilly Ledbetter was about. But, so you can't say that that was the exhaustion. That was a claim that had to be, that that's what the court ruled. Just before the closing argument. And, you know, we had pointed this issue out in our response to some motion for summary judgment. I cite it in the reply brief, the page, the docket and page. So, the real issue here was the loss of pay. That's a personnel action. You could argue that that hadn't even run by the time she filed her claim. It certainly ran when everybody else, a few months later, got GS-13s and she didn't. But, the fact of the matter is, the claim was definitely not filed too late. And, so that not only denied her, oh, I'm going over. Thank you, Mr. Magrie. Mr. Sieckanen? Yes, good morning, Your Honors. Sean Sieckanen for the Secretary. The first issue is whether the district court correctly found no disputed issue of material fact as to Dr. Babb's discrimination claim. And, that's where I'll start. I've read Dr. Babb's brief several times. I've listened to Mr. Magrie's argument just now. And, I still don't understand what facts Dr. Babb disputes that have anything to do with her discrimination claim. If the court thinks that I've overlooked something, see something that we didn't address in our brief, or has any concerns about the facts relating to her discrimination claim, I would welcome the opportunity to address them. And, if not, I'd like to talk about the allegations in Dr. Babb's complaint, the evidence at summary judgment, and how those things fit together under Babb v. Wilkie. So, in her complaint, Babb identified two allegedly discriminatory personnel actions. The first was her non-selection for the anti-coagulation position in 2013. And, the second was the VA's subsequent refusal to transfer her to a position that no longer existed in Module B. And, those are the only personnel actions alleged to have been based on Dr. Babb's age or gender. And, I see no material dispute in this record regarding either action. So, I'll start with differential treatment, that prong of Babb v. Wilkie. Aside from the ultimate decision on each of these personnel actions, Dr. Babb doesn't identify any differential treatment having to do with any part of the decision making process for those personnel actions. The end results are the only alleged differential treatment that I see in Dr. Babb's briefs or in this record. She does not claim that her age or gender played any role in how, for instance, the VA reviewed resumes submitted for this position, or how it selected candidates to be interviewed, and how it assigned or tabulated points as the Supreme Court hypothesized in the footnote in Babb v. Wilkie. Nothing of that nature in this record or in any other step of the decision making process for these positions. So, just to make sure I'm clear. So, are you arguing that the played any role in the process issue doesn't even come into play here? No, I'm not. That is one of the prongs under Babb v. Wilkie. Well, I mean, doesn't come into play because there was no evidence with respect to that. Well, I think there was no evidence of that. And I think that is why the district court correctly granted summary judgment. And then the second part of the Babb v. Wilkie analysis would be full relief, the end result, which I have looked at as a type of differential treatment, the ultimate differential treatment at the end of the process. And I think that's the easier question here. Because in this case, Dr. Babb admits that she bombed her interview for the anticoagulation position. She called it the worst interview of her life. She admits that the younger candidates that the VA selected for that position had far more anticoagulation experience than she had. She admits she had none. And as for the second personnel action in Module B, she admits that the VA had previously offered her that position, that she had turned it down, and that there was no longer a vacancy in that department when she re-inquired. And she also admits that a younger pharmacist was told the same, that you can't transfer to Module B now because there's no longer a vacancy. So I don't see how any reasonable fact finder could look at the evidence in this record and have left to the conclusion that Dr. Babb's age or gender had anything to do with either of the allegedly discriminatory personnel actions, either as to the end result or as to any differential treatment short of the end result. I also think this case is like McCrite, where this court recently held that bits and pieces of evidence are not enough to survive summary judgment. This court found in McCrite that the plaintiff's scattered allegations that other employees had been mistreated due to their sex did not indicate that sex had played a role in plaintiff's alleged discrimination. So too here. That's all we have in this record, scattered bits and pieces of evidence and vague allegations of how the plaintiff claims other people had been mistreated in various ways having little, if anything, to do with plaintiff's claims. Can you address the jury instruction issues? Sure. So I must confess that Dr. Babb's arguments on the jury instructions were a little difficult for me to understand. We parsed them as best we could from her opening brief and our response brief. So there are, I think there are three jury instructions at issue. The first is the retaliatory, the retaliation instructions. And my understanding of Dr. Babb's argument, her problem with the retaliation instruction, is that she, I think this is the same argument that the plaintiff advanced in Terrell and that this court rejected in Terrell. Dr. Babb seems to think that there should be some sort of burden shifting framework that somehow requires the government to affirmatively prove that discrimination would not have affected the outcome of an employment decision. And that's what the Supreme Court said the opposite in Babb, as we explained in our brief. And then this court acknowledged and quoted that language in its 2021 remand opinion. So that's my best understanding of Dr. Babb's arguments regarding the retaliation instruction. Can I ask you one question? And it goes back to the question that I asked your colleague on the other side. I guess as I read, as I think I understand one of the arguments about the instructions, is that where the instructions said, because of and based on, Dr. Babb wanted them to say considered or, you know, that some protected characteristic was considered. And I guess this goes back to the question that I was asking earlier. I guess I don't read the Babb decisions to prohibit consideration in what I've called consideration in the air. If it doesn't have, if it doesn't end up playing any role, you still have to have causal connection between the protected characteristic and some action. Consideration in the gestalt doesn't really necessarily have a role. You've got to have some evidence that it plays a role. So that's, as I understand, the difference between the district court's instructions and Babb's proposed instructions, is that with respect to retaliation, they said based on instead of considered. And with respect to the hostile work environment claim, they said because of instead of considered. So it seems like that there's some, Dr. Babb seems to think that there is some magic in the concept of consideration that is legally relevant under the Babb decisions. And I just don't think I see that unless it also played a role at least in the differential treatment. Am I right about that? Is that how you understand her argument? I'm not sure I do. I understand what you're saying. I agree with everything you've said. A few points on that, if I may respond.  So first, if I could start with Babb v. Wilkie. On page 11, well this is page 414 of the U.S. reporter version of Babb v. Wilkie, starting on page 413 and going to page 414. This is where the Supreme Court talks about the two prongs, about how plaintiffs may obtain injunctive relief through the lesser showing of differential treatment or full relief by showing a causal connection to the end result. And I know this court is familiar with this opinion and I'm sure this court has read this, but I'll just point out that the court says on page 414 that although unable to obtain such relief, plaintiffs are not without a remedy if they show that age was a but-for cause of differential treatment in an employment decision, but not a but-for cause of the decision itself. And in that case, plaintiffs can seek injunctive or other forward-looking relief. So tying that together with the court's earlier statements throughout this opinion, I don't think there's any daylight at all under Babb v. Wilkie for Title VII or ADEA plaintiffs to obtain relief without showing that the protected characteristic or the discrimination was a but-for cause of something in the process, something that played a role in how the decision was made. So that's the first point I would make. Now, as to the difference between considered and because of in the challenge jury instructions, I don't see any material distinction there. I think that this court should review... That's something that I think this court should review for an abuse of discretion. I don't think either phrasing would have violated the law necessarily. Under Babb v. Wilkie, I think that it was a reasonable exercise of the district court's discretion to instruct the jury using the terminology, the phrasing that it did, and I don't see anything in these instructions that would rise to the level of an abuse of discretion or a clear legal error under Babb v. Wilkie or any other authority. I mean, so for instance, her proposed instruction with respect to retaliation says, plaintiff's protected activity was considered by the defendant or played any role or part in the process of making the personal action or actions. I'm not even sure... I guess I'm not sure that's a correct statement of the law. I think the consider... was considered by the defendant or isn't really legally relevant. You have to show, I think, that it played a role or part in the decision-making process. I would agree with that, Your Honor. I think that's right. I just want to make sure I've got my head screwed on straight about the nature of the objection. Okay. That's certainly how I see that. Okay. So if this court has no other questions about the evidence of summary judgment or the jury instructions, we would respectfully ask this court to affirm the grant of summary judgment and affirm the verdict. Thank you. Mr. Magritte, can you help me out of my hole here about considered? I may just be misunderstanding something, but I think that there is at least a difference in my mind between something being considered and something playing a role. I think that... I think that can be correct. The... But when you're talking about when you look at that footnote 3, that was their description. We didn't dispute the fact that it had to exist at the time. We came up... We said... We argued that the term should be based on, and we argued that based on was also included because of. But the fact of the matter is that footnote was concerned about whether or not the differential treatment, which was the statement by the employee that was a decision-maker, whether that existed at the time. The problem here is that the facts he claimed... If he agrees with all our facts, then I think we should win this case because there were numerous statements about the older females and about their EEO activity. We've cited them all. They were in December. They were in January. And they were by the decision-makers in writing emails in January. They were in testimony by decision-makers at an AIB where they were trying to have punishment brought on the people that had filed EEO activity. And it's because of some other fact that they assumed they must be the ones that would have done the other thing, which the AIB board found they didn't. But there is written evidence of them discussing their older female status and their EEO activity all in the course of the decision-making process. If that doesn't satisfy as differential treatment, then BAB means nothing. And my big concern with... I think the court... My big concern was that you need two things. Counsel talked of full relief. You either need to say it doesn't have to affect the ultimate decision if you use the instruction that the court gave on differential treatment, or you have to give the full relief requires a burden shift to defendants. And I just want the court to consider that the government argued that what we were arguing for was something that no other employee had. We were arguing for a burden on the federal government that outstripped any burden that any other government had or any other private employer had. And the court says Congress could have agreed to that in the statute. So your argument is not of concern to us. So that's right there. And what we've done is we've taken out the burden shift. We've taken it out because we're saying this is not a constitutional case. Well, Title VII came up as a way to codify title constitutional cases. But setting that aside, in Price Waterhouse the 11th, I mean the Supreme Court used the same cases we're citing, Mount Healthy and Lesage, to shift the burden to the defendant. And we just blithely throw that away. And if you don't shift the burden to the defendant or you don't say differential treatment doesn't have to affect the ultimate decision, you cannot have jury instructions which have any meaning. I want to see the case, because I don't think I have yet, where somebody finds under what's being talked about here that there was differential treatment and that somebody should get the relief that the Supreme Court envisioned. Because if you can consider the ultimate decision in deciding whether or not that had a meaning all the way to the decision, then you can't find differential treatment. You have to have something that separates differential treatment from the ultimate decision. And the thing that should separate it is by federal employees having exactly what every other employee has. And that is burden shifting. Certainly in gender cases, in fact, we argued that for years this court, for the first time, gave it to us in Babb, it's the only thing we want in the first appeal. You said they should do the motivating factor test. That would have been burden shifting. But we appealed it because we had all these other claims and we thought things went wrong. I see I'm running over and that light's flashing. Thank you, counsel. Our next case of the day is number 23, 11585.